# SUPREME JUDICIAL COURT,

### FOR THE

## MIDDLE DISTRICT,

## 1856.

## COUNTY OF KENNEBEC.

---

JOHN S. HAINES *versus* SCHOOL DISTRICT No. 6, IN READFIELD.

A vote to raise money to build a school-house, if not passed at a legal meeting, is void.

A tax based on such illegal vote, and paid under protest, may be recovered back in an action at law against the school district, to whose benefit it enured.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

ASSUMPSIT for money had and received, brought to recover the amount paid in discharge of a school district tax. The plaintiff alleged that the vote passed to raise the money, was at an illegal meeting of the school district.

Some of the defects alleged were, that the meeting was convened by virtue of a warrant issued by the district clerk, he not having been authorized thereto; that the notices of the meeting were not posted up in the manner and for the period required by statute; and that no hour of the day was fixed for the meeting in the warrant by which it was called.

Haines *v.* School District No. 6, in Readfield..

*E. O. Bean,* for plaintiff.

*Bradbury, Morrill & Meserve,* for defendants.

RICE, J.— The inhabitants of any school district, qualified to vote in town affairs, at any legal meeting called for the purpose, shall have power to raise money for the purpose of erecting, repairing, purchasing and removing a school-house. Ch. 193, § 11, Laws of 1850. The meeting at which the money was raised, for which the tax in controversy was assessed, was not legally called. The vote to raise the money to build a school-house, not having been passed at a legal meeting, was inoperative and void. *Jordan* v. *School District No.* 3, 38 Maine, 164. The tax was consequently illegal, having no legal basis upon which to stand. It therefore becomes unnecessary to examine the other objection to the legality of the tax. Was the tax paid by the plaintiff under such circumstances as will entitle him to recover it back in a suit at law ? The action is properly brought against the district. The case clearly shows that the money has gone to the use of the district. It was paid by the plaintiff, under protest, to the legally elected collector of the town of Readfield, and the plaintiff further affirms that it was paid under duress of imprisonment.

The case shows that the collector had in his hands at the time a list of the assessments made by the assessors, but not certified by them, and a warrant signed by two of the selectmen. This warrant was, during the trial, amended by striking out the word "selectmen," and substituting therefor "assessors." This amendment could not affect the legal character of the warrant, at the time the tax was collected. The selectmen were not authorized to issue such a warrant. It was illegal.

The collector certified that the " plaintiff objected to the payment; protested against it; said he should not pay until obliged to pay; I arrested him and he paid the tax to discharge himself from arrest; also paid the costs of arrest." On cross-examination he said, " that he went to the plaintiff's

house to collect the tax; he was in the house; family present; called on him for tax; said he should not pay until compelled; I told him he must consider himself under arrest; was in the room with him; did not put my hand upon him; have no recollection that he ever said he wanted me to arrest him."

The collector made the following return upon the warrant:

"Jan'y 6, 1854. I arrested the body of the foregoing John S. Haines and he paid this tax when under said arrest.

"Moses Whittier, Constable of Readfield."

These facts show very clearly, that the money was paid by the plaintiff while held in duress by Whittier, by virtue of his warrant, and for the purpose of freeing himself from arrest. It is conceded, that the money thus collected has been received by the district. Whatever may be our own views of the policy of resorting to technical rules to recover back money which had been paid for a highly meritorious object, we are of the opinion that by an application of the strict rules of law the plaintiff is entitled to recover, and that he must have judgment for the money paid and interest thereon from the time of payment. *Defendants defaulted.*

Tenney, C. J., and Cutting, Appleton and May, J. J., concurred.